UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-22758-BLOOM/Otazo-Reyes**

ELIO MELLA,

      Plaintiff,

v.

UNITED HEALTHCARE SERVICES, INC., *et al.*,

      Defendants.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant United Healthcare Services, Inc.'s ("United") Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [21] ("Motion"). Plaintiff Elio Mella ("Mella") filed a Response, ECF No. [22], and United filed a Reply, ECF No. [26]. The Court has carefully considered the Motion, the Response, the Reply; the record in this case, the applicable law; and is otherwise fully advised. For the reasons that follow, the Motion is granted.

## I.    BACKGROUND

### A.    The Amended Complaint

The Amended Complaint sets forth three causes of action: (1) breach of contract against United; (2) declaratory relief against United; and (3) declaratory relief against Xavier Becerra as the Secretary of Health and Human Services ("HHS"). ECF No. [13-1] at ¶¶ 19–39. Mella alleges that in December 2019, his entire right leg was amputated through the hip joint capsule. *Id.* at ¶ 7. This hip disarticulation left him with "no femur, stump, or socket which could ever support a mechanical prosthetic leg." *Id.* at ¶ 8. Consequently, Mella requires "an advanced prosthesis with a microprocessor component." *Id.* at ¶ 9.

Mella is a member of United's "AARP Medicare Advantage Program." *Id.* at ¶ 6. Mella repeatedly demanded that United provide coverage for an advanced prosthesis. *Id.* at ¶ 12. But United has denied coverage in bad faith, "denied all appeals," and "delayed Mella's receipt of the recommended prosthesis. . . ." *Id.* at ¶¶ 12–13. Mella, through counsel, sent United a statutory demand for information, but United did not provide all information. *Id.* at ¶ 16; [13-1]. Mella has also "appealed all denials, submitted an appeal to an independent outside entity that contracts with CMS, was denied again, and requested a hearing before an administrative law judge." *Id.* at ¶ 17. Finally, Mella alleges that he completed all conditions precedent to filing suit. *Id.* at ¶¶ 17, 21.

### B.    Procedural Background

Mella's original complaint was against United only. ECF No. [1]. United moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that the claims "arise under" the Medicare Act and Mella did not exhaust his administrative remedies. ECF No. [5] at 6–11. United also moved to dismiss the declaratory relief claim on the basis that Mella had an adequate remedy at law. ECF No. [5] 12–14. Mella opposed the motion and alternatively asked for leave to amend. ECF No. [11]. The Court granted leave to amend and denied the motion to dismiss as moot. ECF No. [12]. Mella filed the Amended Complaint, which joined the HHS Secretary. ECF No. [13].

### C.    The Motion, Response, and Reply

United argues that although the Amended Complaint added allegations regarding Mella's attempt to exhaust administrative remedies, Mella has yet to receive a "final decision" from the HHS Secretary. ECF No. [21] at 9. United also renews its argument for dismissal of the declaratory judgment claim. *Id.* at 9–11.

In his Response, Mella introduces additional facts regarding exhaustion that are not present in the Amended Complaint, including a declaration, ECF No. [22-1] at 1–2, and exhibits, ECF No.

[22-1] at 3–15; [22-2]. Specifically, Mella declares that he obtained a denial of his internal appeal to United on August 31, 2021. ECF No. [22-1] at 1. The denial is dated February 1, 2021, but Mella claims that he did not receive it until August 31, 2021. *Id.* at 1, 4. Mella mailed an ALJ Hearing Request Form to United. *Id.* at 1, 12. But on September 17, 2021, Mella received a Notice of Filing Defect, informing him that the request for a hearing was untimely. *Id.* at 13–14. Mella appealed that decision on the basis that he did not receive the denial until August 31st. *Id.* at 4.

Mella contends that United's continuous denials afford him the opportunity to raise a collateral procedural due process claim. ECF No. [22] at 2. Mella requests that the Court "find that the Plaintiff's procedural due process rights have been violated and therefore exhaustion of administrative remedies is not required." *Id.* at 4. Finally, Mella argues that he "has stated a cause of action for declaratory judgment inasmuch as he has pled an alternative cause of action to his breach of contract claim and he has alleged he has no adequate remedy at law." *Id.*

In its Reply, United asserts that it is raising a "facial" challenge to subject matter jurisdiction, precluding the Court from considering Mella's extrinsic evidence. ECF No. [26] at 4. Alternative, United maintains that the documents establish that Mella is still pursuing his administrative remedies. *Id.* at 4 n.2.

## II. LEGAL STANDARD

When reviewing a motion to dismiss, courts must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1286 (11th Cir. 2021). However, this tenet does not apply allegations that are "merely conclusory or state legal conclusions," which "are entitled to no presumption of truth." *Dean v. Warren*, 12 F.4th 1248, 1256 (11th Cir. 2021). "[T]urning to the remaining allegations, we consider whether the complaint "contain[s] sufficient

Case No. 21-cv-22758-BLOOM/Otazo-Reyes

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 666 (2009)).

"Attacks on subject matter jurisdiction, which are governed by Rule 12(b)(1), come in two forms: facial or factual attack." *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021). "A 'facial attack' challenges whether a plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* (cleaned up). "A 'factual attack,' in contrast, challenges the existence of subject matter jurisdiction irrespective of the pleadings, and extrinsic evidence may be considered." *Id.*

## III.   DISCUSSION

### A.   Failure to Exhaust Administrative Remedies

The Medicare Act "strips federal courts of primary federal-question subject matter jurisdiction over claims that arise under that Act." *Dial v. Healthspring of Alabama, Inc.*, 541 F.3d 1044, 1047 (11th Cir. 2008) (internal quotation marks omitted). Instead, the Act allows for an administrative hearing before the HHS Secretary. *Id.* (citing 42 U.S.C. § 1395w–22(g)(5)). Thereafter, "the Act provides for 'judicial review of the Secretary's final decision' in the form of a civil action in federal district court against the Secretary." *Id.* (citing 42 U.S.C. §§ 1395w–22(g)(5) and 405(g)). "Until a claimant has exhausted her administrative remedies by going through the agency appeals process, a federal district court has no subject matter jurisdiction over her lawsuit seeking to 'recover on any claim arising out of' the Medicare Act." *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 779 (11th Cir. 2002); *see also White v. Blue Cross & Blue Shield of Alabama*, 450 F. App'x 818, 820 (11th Cir. 2011) (explaining that "federal courts have jurisdiction over only those cases that are properly appealed from a final administrative decision, and that are filed against the Secretary of HHS").

Mella does not dispute that his claims arise out of the Medicare Act. *See* ECF No. [22]. If he did, the argument would be contrary to established law. *See Kaye v. Humana Ins. Co.*, No. 08-80819-CIV, 2009 WL 455438, at *8 (S.D. Fla. Feb. 23, 2009) (determining that "Plaintiff's breach of contract claim, in which he seeks payments allegedly due under his health insurance Policy, is 'essentially' a claim for benefits and therefore preempted by federal Medicare law"); *see also Assocs. Rehab. Recovery, Inc. v. Humana Med. Plan, Inc.*, 76 F. Supp. 3d 1388, 1393 (S.D. Fla. 2014) (finding that declaratory judgment claim arose out of the Medicare Act because it was "inextricably intertwined with a claim for reimbursement of medical benefits"). Rather, Mella requests that the Court, in light of his administrative efforts thus far, "find that [his] procedural due process rights have been violated and therefore exhaustion of administrative remedies is not required." ECF No. [22] at 4.

Mella's position lacks merit for several reasons. First, to the extent that he is requesting that the Court excuse the exhaustion requirement, the Court cannot do so. *See Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 780 (11th Cir. 2002) (explaining that "judge-made exceptions . . . do not apply . . . to a statutorily-mandated exhaustion requirement like the one involved in" claims arising out of the Medicare Act).

Mella's reliance on *Alpha Home Health Sols., LLC v. Sec'y of United States Dep't of Health & Hum. Servs.*, 340 F. Supp. 3d 1291, 1301 (M.D. Fla. 2018), is misplaced. *Alpha Home* concluded "that a procedural due process challenge directed to the extraordinary delay in receiving a hearing before an ALJ and final review before the appeals board is entirely collateral and therefore not precluded by § 405(h)." *Id.* at 1300–01. The due process claim did not permit the Court to excuse exhaustion of the merits claim, which involved the calculation of overpayments. *Id.* Quite the contrary, the movant asked the Court to "maintain the status quo *until complete administrative*

*review is possible*, because to do otherwise—that is, to do nothing—offends procedural due process." *Id.* at 1301 (emphasis added).

Second, "Plaintiffs cannot amend the complaint via a response to a motion to dismiss." *Aquino v. BT's on the River, LLC*, No. 20-20090-CIV, 2020 WL 7356372, at *3 (S.D. Fla. Dec. 15, 2020). Mella relies on several unpled facts, including (1) that his administrative appeal was denied in a letter dated February 1, 2021, but received on August 31, 2021; (2) that he requested a hearing before an ALJ but was denied on timeliness grounds; and (3) that he appealed that denial. Moreover, the Amended Complaint does not allege a procedural due process claim.

Third, because United brings a facial challenge to the Court's subject matter jurisdiction, the Court cannot look beyond the four corners of the Amended Complaint. *See Kennedy*, 998 F.3d at 1230. Mella's Amended Complaint states that he requested a hearing before an ALJ but the Amended Complaint is silent as to what happened next. ECF No [13] at 3–4. As such, Mella has not exhausted the administrative process. *See In re Bayou Shores SNF, LLC*, 828 F.3d 1297, 1326 (11th Cir. 2016) (explaining that claim was not exhausted where "administrative appeal was still pending in front of an administrative law judge at HHS"). Mella's allegations that United has "denied all appeals" and that he has satisfied all conditions precedent, ECF No. [13] at ¶¶ 12, 17, 21, are insufficient to show exhaustion. *See Boger v. A. Gallerani, M.D., PLLC*, No. 20-21987-CIV, 2020 WL 10142134, at *3 (S.D. Fla. July 20, 2020) (explaining that "conclusory allegations of exhausting administrative remedies or that pursuing such remedies would be futile are insufficient to meet Plaintiffs' pleading burden under Federal Rule of Civil Procedure 8").

Fourth, even if the Court were to consider the unpled facts, Mella has not exhausted his administrative remedies. The Notice of Filing Defect allows Mella to seek an enlargement of the time to request a hearing before an ALJ upon a showing of good cause. ECF No. [22-1] at 13–14.

Case No. 21-cv-22758-BLOOM/Otazo-Reyes

Mella represents that he is challenging the timeliness determination on the ground that the denial was mailed months late. *Id.* at 2. However, the record does not show whether Mella has been successful.

Based on the foregoing, "dismissal without prejudice is appropriate in order to allow [Mella] to pursue [his] administrative remedies." *Assocs. Rehab. Recovery*, 76 F. Supp. 3d at 1393.

### B.     Declaratory Judgment Claim

The declaratory judgment claim is also subject to dismissal because it is duplicative of the breach of contract claim. *See, e.g.*, *S.G. Assocs. of Miami, Inc. v. W. World Ins. Co.*, No. 21-22753-CIV, 2021 WL 4502304, at *1 (S.D. Fla. Sept. 30, 2021) (collecting cases). Although Mella argues that the claim is pled in the alternative, ECF No. [22] at 4, the Amended Complaint does not state that, ECF No. [13] at 5–6. If Mella wishes to advance a declaratory judgment claim in the alternative, he must say so in the pleading. *See 416, LLC v. Aspen Specialty Ins. Co.*, No. 0:10-CV-62234, 2012 WL 13005455, at *3 n.3 (S.D. Fla. May 4, 2012).

## IV.     CONCLUSION

For the foregoing reasons, the Motion, **ECF No. [21]**, is **GRANTED**. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is instructed to **ADMINISTRATIVELY CLOSE** this case. Mella may file a motion to reopen after exhausting his administrative remedies and upon the filing of a Second Amended Complaint setting forth sufficient allegations that he exhausted his administrative remedies. This ruling does not preclude Mella from asserting collateral due process claims, if he can do so in good faith.

Case No. 21-cv-22758-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 19, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record